UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERI BERG,<br>  Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br>  Defendant. | )<br>)<br>)<br>)  No.:<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby gives notice of the removal of this action, which is currently pending in the Superior Court of Massachusetts in Bristol County, captioned <u>Cheri Berg v. Dollar Tree Stores, Inc.</u>, Civil Docket No. 2273CV00351, to the United States District Court for the District of Massachusetts. As grounds for removal, Dollar Tree states as follows:

1. Dollar Tree removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000, exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about May 16, 2022, plaintiff Cheri Berg ("Plaintiff") filed a complaint ("the Complaint") in the Massachusetts Superior Court for Bristol County naming Dollar Tree as the defendant. (Ex. A, Pl.'s Compl. ¶ 2.)

3. Plaintiff alleges that on July 16, 2021, she fell and sustained injuries as a result of an allegedly defective curb in front of the Dollar Tree store located at 237 Broadway, Taunton Mass. (Id. ¶ 5-6.)

4. Plaintiff alleges that Dollar Tree owned, managed, maintained and/or operated this store and negligently failed to "properly and reasonably mark and warn of the defective curb." (Id. ¶¶ 4, 6.)

5. In her Civil Action Cover Sheet, Plaintiff claims "$64,000+" in special damages, consisting of "$50,000.00+" in allegedly related medical expenses to date and $14,000 in lost wages to date. (Ex. B, Civil Action Cover Sheet).

6. In the Civil Action Cover Sheet, Plaintiff claims that she fractured her humerus bone, which required surgery. (Id.)

7. Plaintiff alleges that she "was seriously and permanently injured, has incurred hospital and medical bills, and has suffered great pain of body and mind from her injuries." (Ex. A, Pl.'s Compl. ¶ 17.)

**TIMELINESS OF REMOVAL**

8. Dollar Tree was served with the Complaint on or about June 1, 2022.

9. This Notice of Removal is timely because it is filed within 30 days from the date that the last defendant received service of the Complaint. See 28 U.S.C. §§ 1441(e), 1446(b); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

10. Complete diversity of citizenship exists in this matter because Dollar Tree is a citizen of a different state than Plaintiff. See 28 U.S.C. § 1332(a).

11.  Plaintiff alleges that she is an individual residing in Raynham, Massachusetts. (Ex. A, Pl.'s Compl. ¶ 1.)  Plaintiff is therefore a citizen of Massachusetts for diversity purposes.

12.  At the time of the filing of the Complaint, Dollar Tree was, and currently is, a corporation formed under the laws of the Commonwealth of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320. Dollar Tree is therefore not a citizen of Massachusetts for diversity purposes.

13.  There is complete diversity between Plaintiff and Dollar Tree in this action because Plaintiff is a citizen of the Commonwealth of Massachusetts and Dollar Tree is not a citizen of the Commonwealth of Massachusetts.  See 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

14.  Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

15.  According to the Complaint, Plaintiff "was seriously and permanently injured, has incurred hospital and medical bills, and has suffered great pain of body and mind from her injuries."   (Ex. A, Pl.'s Compl. ¶ 17.)

16.  Because the Complaint does not include a specific damages amount, this Court may look to the civil action cover sheet filed with the Complaint to determine whether this Court has jurisdiction over Plaintiff's claims.  See Toro v. CSX Intermodal Terminals, Inc., 199 F.Supp.3d 320, 324 (2016); Williams v. Litton Loan Servicing, C.A. No. 10-11866-MLW, 2011 WL 3585528 at *6 (D. Mass. August 15, 2011); Salvail v. Relocation Advisors, Inc., C.A. No. 11-10500-RGS, 2011 WL 1883862 at *1 n. 1 (D. Mass. May 17, 2011).

17.  Plaintiff's civil action cover sheet identifies "$64,000+" in total special damages. (Ex. B.)

18. Plaintiff's civil action cover sheet claims that Plaintiff "sustained a fracture to her humerus bone and underwent an open reduction and internal fixation surgery." (Id.)

19. Plaintiff would also be able to recover for the alleged pain and suffering from the injuries and limitations that Plaintiff claims are permanent and causally related to the incident.

20. The nature of Plaintiff's alleged permanent, ongoing injury further suggests that the amount in controversy in this matter will reasonably exceed $75,000, based upon reported jury verdicts and settlements in Massachusetts. Tackett v. Benjamin Realty Trust, No. WOCV2011-02114, 2014 Jury Verdicts LEXIS 11231 (Mass. Sup. Ct. Dec. 22, 2014) (jury in 2014 awards $116,000—which is $141,662.63 in 2022 dollars—to plaintiff who suffered humerus fracture that required surgery in slip and fall) (attached Exhibit C); Anonymous Male v. Anonymous General Contractor, 2007 MA JAS Pub. LEXIS 803 (parties settle in 2007 for $275,000—which is $383,448.48 in 2022 dollars—for plaintiff who suffered humerus fracture and shoulder injuries from fall and claimed approximately $50,000 in past medicals.) (attached as Exhibit D); Limoli v. Santiaco, C.A. No. 91-05132, 1993 Dolan Media Jury Verdicts LEXIS 843 (parties settle in 1993 for $660,000—which is $1.3 million in 2022 dollars—for plaintiff who suffered humerus fracture and crushed arm that required three surgeries) (attached as Exhibit E).

21. Moreover, Plaintiff herself contends that her damages are in excess of $75,000. On June 16, 2022, Plaintiff's counsel stated that Plaintiff would not stipulate that her alleged damages are $75,000 or less, exclusive of interest and costs. (Lynch Affidavit ¶ 3, Ex. A); see Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658 at *6 (D.R.I. Jan. 8, 2014) (plaintiff's refusal to stipulate to damages of $75,000 or less prior to removal is "some

evidence tipping the scale in favor of federal jurisdiction."); Jones v. Home Depot USA, Inc., C.A. No. 12-12202, 2013 WL 1282356 at *1 (D. Mass. March 29, 2013).

22. Thus, it is apparent from the Complaint and the civil action cover sheet that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

23. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Dollar Tree is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

24. Pursuant to 28 U.S.C. § 1446(a), Dollar Tree attaches all process, pleadings and orders that have been filed, served or received by Dollar Tree in this action as Exhibit A.

25. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts, as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Bristol County.

26. Dollar Tree will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Bristol County, as required by 28 U.S.C. § 1446(d).

27. In removing this action, Dollar Tree does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

28. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, defendant Dollar Tree stores, Inc. respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

                                                Respectfully submitted,
DEFENDANT,
DOLLAR TREE STORES, INC.,
By its attorneys,

/s/ Matthew J. Lynch
Christopher G. Betke, BBO# 552588
Matthew J. Lynch, BBO# 689363
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
cbetke@coughlinbetke.com
mlynch@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to the following counsel of record on June 16, 2022.

Anna P. Madrishin
Jordan R. Belliveau
Tetzel Law, LLC
2 Center Plz Suite #610
Boston, MA 02108
Jordan@TetzelLaw.com
AMadrishin@TetzelLaw.com

/s/ Matthew J. Lynch
Matthew J. Lynch

6